<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4168**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL HENDERSON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:03-cr-00049-8-MU)

_____

Submitted: June 30, 2006                    Decided: July 13, 2006

_____

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

_____

Remanded by unpublished per curiam opinion.

_____

David Grant Belser, BELSER & PARKE, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina; Karen S. Marston, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Henderson seeks to appeal his conviction and sentence. In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(I). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered the amended criminal judgment on January 13, 2006. Henderson filed the notice of appeal, at the earliest, on January 31, 2006, after the ten-day period expired but within the thirty-day excusable neglect period. See Fed. R. App. P. 26(a)(2), (4) (providing that "intermediate Saturdays, Sundays, and legal holidays," including "Martin Luther King, Jr.'s Birthday," are excluded when period is less than eleven days). Because the notice of appeal was filed within the excusable neglect period, we remand the case to the district court for the court to determine whether Henderson has shown excusable neglect or good cause warranting an extension of the ten-day appeal period. The record, as supplemented, will then be returned to this court for further consideration. We defer acting on the Government's motion to dismiss this appeal until the record is returned to us.

REMANDED

- 2 -